United States District Court
Southern District of Texas
**ENTERED**
November 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON JERMAINE FORD, SPN #01939953, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. H-23-4297 |
| JASON FORD, | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a pretrial detainee proceeding *pro se* and seeking leave to proceed *in forma pauperis*, is in custody of the Harris County Sheriff's Office pending disposition of felony charges for aggravated assault with a deadly weapon (a knife). He filed this civil lawsuit under 42 U.S.C. § 1983 naming "Jason Ford" as the sole defendant.

Having screened the complaint as required by 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

In his complaint, plaintiff states that defendant "Jason Ford" is liable to him based on "courts, time and mental abuse to mind body and soul." (Docket Entry No. 1, p. 3.) In pleading factual allegations supporting his claim under Section V of the complaint form, plaintiff writes what appears to be one, semi-legible word: "inncorrect [*sic*]." As judicial relief under Section VI of the form, plaintiff states "1983 Act from all dates in jail [illegible] false charges on gun cases." *Id.*, p. 4.

## II. ANALYSIS

### A. Section 1983

Because plaintiff is a pretrial detainee who seeks leave to proceed *in forma pauperis*, the Court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Plausibility requires sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to set forth (1) a short and plain statement of the grounds for the court's jurisdiction, and (2) a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(1), (2). While Rule 8(a)'s pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me

accusation." *Iqbal*, 556 U.S. at 678. Facts must be alleged that convince the court that the plaintiff has at least a colorable claim; conclusory allegations will not suffice. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).

When a complaint filed by a *pro se* litigant is poorly articulated, it should not be dismissed unless it appears from the complaint that the plaintiff has failed to state a cognizable claim. The test is whether "within the universe of theoretically provable facts, there exists a set which can support a cause of action under this complaint indulgently read." *Covington v. Coles*, 528 F.2d 1365, 1370 (5th Cir. 1976).

Plaintiff's pleading by no means meets the standards imposed by Rule 8(a). Nor can this Court liberally or even indulgently construe his claims and factual allegations, as there are no factual allegations to be construed. The purported complaint does not set forth a comprehensible set of facts from which the Court can find or broadly construe a federal claim for relief under 42 U.S.C. § 1983 against "Jason Ford." In short, plaintiff's pleading does not constitute a complaint for purposes of Rule 8(a) and raises no viable claims for purposes of preliminary screening.

The complaint will be dismissed without prejudice for failure to state a viable claim for relief under section 1983.

B.   <u>28 U.S.C. § 2241</u>

It is unclear whether plaintiff is attempting to challenge his pretrial detention and pending criminal charges. To any extent plaintiff seeks immediate release from pretrial

detention and/or dismissal of his pending criminal charges, his claims sound in habeas and must be pursued, if at all, in a properly-filed habeas proceeding. The Court declines to construe this lawsuit as a habeas petition brought under 28 U.S.C. § 2241, as public online records for the Texas Court of Criminal Appeals show that plaintiff has not exhausted his habeas claims through that court. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (setting forth the exhaustion requirement for section 2241 proceedings).

### III. CONCLUSION

For the reasons stated above, this lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 15th day of November, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4